[Cite as *State v. Conn*, 2024-Ohio-1920.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 23CA1175 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Justin Conn, | : | **RELEASED 5/10/2024** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Aaron E. Haslam, Adams County Prosecutor, West Union, Ohio, for appellee.
_____
Hess, J.

{¶1}    Justin Conn appeals from a resentencing entry issued by the Adams County Court of Common Pleas on remand from this court.  Conn presents one assignment of error asserting that the trial court erred in imposing consecutive sentences because the record does not support the court's consecutive-sentence findings.  For the reasons that follow, we overrule the assignment of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}    In February 2022, the Adams County grand jury indicted Conn on four counts of obstructing official business, fifth-degree felonies because he allegedly "created a risk of physical harm to any person," see R.C. 2921.31(B). The grand jury also indicted him on four counts of failure to stop after an accident, first-degree misdemeanors. Each failure to stop count indicated it pertained to a collision Conn was involved in with a

different named individual. All eight counts were alleged to have occurred "[o]n or about and between January 19, 2022 and January 21, 2022 in Adams County, Ohio." Conn initially pleaded not guilty.

{¶3}    In April 2022, Conn withdrew his not guilty plea and pleaded guilty. Conn agreed that he would pay a total of $2,750 in restitution to the four individuals named in the failure to stop after an accident counts but would otherwise be free to argue about sentencing. At the change of plea hearing, the trial court asked Conn to describe what happened during the timeframe alleged in the indictment. Conn testified, "Well, I'll start off with, uh, that day I was cutting wood. I had, uh, mud all over my shoes.  I had a mat in the back of my truck that didn't really fit my truck.  So, uh, I was cutting wood at my mom's house.  So, I came into town to get, uh, some stuff at AutoZone. Went down, went down by I, the old IGA."  He "turned left" and "went up" South Street. Conn further testified:

> Uh, went up that street, didn't see a car on my right. Started, you know, I stopped at the stop sign. I, I, uh, side swiped her. My mat got caught up in my brake. I backed up. I tried to, uh, hit my brake. My gas went. So, then I went, I went around her about rear-end another truck. Went up to the other stop sign, ran it because I couldn't stop sideswiped another car. Got my mat out, tried to stay in the middle lane, and then rear-ended somebody else, and then just freaked out and ran.

Defense counsel stated, "And they rear-ended somebody else," and Conn testified, "And they, then they rear-ended somebody else."  The court asked Conn why he "got out and ran," and Conn testified, "I have no idea." The court later asked Conn, "Do you, uh, feel that by leaving, uh, and, and not staying at the scene of the various accidents that, uh, that hampered or impeded, uh, the, uh, public official in this case, probably a law enforcement officer in the performance of their duties to investigate the, uh, various, uh,

wrecks that occurred?" Conn stated, "Yes." The court accepted the guilty plea and ordered a pre-sentence investigation report ("PSI").

{¶4} Among other things, the PSI included "information about Conn's lengthy criminal history and history of substance abuse, including the fact that he attended but failed to complete treatment at the Counseling Center." *State v. Conn*, 4th Dist. Adams No. 23CA1163, 2023-Ohio-2669, ¶ 7 ("*Conn I*"). The PSI also contained "details regarding the offenses in this case" and indicated that

> on January 20, 2022, Conn was driving westbound on South Street at "a very high rate of speed," failed to stop at a stop sign at the intersection of South Street and Cherry Street, and struck a vehicle traveling southbound on Cherry Street through the intersection, disabling that vehicle and causing minor injury to the driver. Conn "continued in his vehicle, still at a high rate of speed westbound on South Street to North Manchester Street (State Route 41)," where he ran another stop sign and struck a vehicle traveling northbound on State Route 41. Conn "then turned southbound on State Route 41 and continued at a high rate of speed in the center left turn lane from South Street to the area of Blaine Drive." He drove "for approximately 1 mile" and rear-ended a vehicle which was stopped in the center turn lane attempting to turn left on Blaine Drive, forcing that vehicle into another vehicle "traveling northbound on State Route 41 at Blaine Drive." Conn fled on foot and officers were unable to locate him that day despite a lengthy search of the area "via foot, drone, and the use of OSP helicopter." Eight days later, two detectives located him and took him into custody. * * * Conn "had a total disregard for the public's safety and concern of occupants in the vehicle [sic], nor the school bus that was attempting to drop off children at the intersection at the time of the crash." * * * [T]hree of the drivers Conn was involved in collisions with did not provide a victim impact statement, but the driver of the vehicle he rear-ended requested that Conn "be held responsible for his actions" and "receive jail and/or prison time 'for the risk to life he showed.' "

*Id.*

{¶5} The trial court sentenced Conn to 8 months in prison on each count of obstructing official business and 90 days of local incarceration on each count of failure to stop after an accident. The court ordered him to serve the sentences on the obstruction

counts consecutively and to serve the sentences on the failure to stop counts concurrently with each other and the sentences on the obstruction counts, for an aggregate term of 32 months in prison. The court also ordered him to pay a total of $2,750 in restitution to the four individuals named in the failure to stop after an accident counts and the costs of prosecution.

{¶6} Conn appealed. We affirmed the trial court's judgment in part but vacated his sentence for his obstructing official business convictions because the trial court did not make all the requisite findings to impose consecutive sentences at the sentencing hearing. *Conn I* at ¶ 1. We remanded the case to the trial court for the limited purpose of resentencing Conn on those convictions. *Id.*

{¶7} At the resentencing hearing, the trial court recited information about the accidents as stated in *Conn I* and the PSI. The court recited from the PSI information about Conn's criminal history, which began in 1998 and includes convictions for various offenses including theft, criminal damaging, escape, misdemeanor assault, felonious assault, and breaking and entering. The trial court later stated that

> this was an extended, uh, reckless, careless, malicious, operation of a motor vehicle. Not checking to see if anybody's all right, just continuing on driving down over the hill down into the main area of the, uh, business district, and, uh, slamming into the back of a car, uh, so violently that it spun around and hit his back of his car after it struck another northbound vehicle in the * * * opposite direction. I regret that Mr. Conn has chosen a life where other people's property or their personal safety or their consideration of their property or safety or feelings or cost is of no regard. But he has done so and he's done so since 1998.

The court noted that "the wake behind his boat of criminal activity is gruesome."

{¶8}   The trial court imposed the same sentence as before, and with respect to its decision to again run eight-month prison sentences on the obstructing official business counts consecutively, stated:

> Because, uh, multiple prison terms are imposed, uh, on an offender for convictions of multiple offenses, the court, uh, is requiring the offender to serve the prison terms consecutively because the court finds that consecutive sentences are necessary to protect the public from future crime and or to punish the offender, but more than anything to protect the public, the future crime.  And the court further finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  And the court also makes specific findings as follows, that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed or [sic] so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct and disregard for public safety.

> The offender's history of criminal conduct also demonstrates that consecutive sentences are necessary to protect the public for [sic] future crime by the offender.

{¶9}   The trial court memorialized Conn's sentence in a "judgment entry on re-sentence." The entry explains that the court may require the offender to serve prison terms consecutively if it finds that "the consecutive service is necessary to protect the public from future crime or to punish the offender," "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of three additional circumstances applies. The court initialed two of the three additional circumstances, i.e., "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct" and "[t]he

offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶10} Conn presents one assignment of error: "The trial court erred in imposing consecutive sentences when the record did not support the findings made by the trial court to impose consecutive sentences."

## III. LAW AND ANALYSIS

{¶11} In the sole assignment of error, Conn contends that the trial court erred in imposing consecutive sentences because the record does not support the court's consecutive-sentence findings.

## A. R.C. 2929.14(C)(4)

{¶12} R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶13}** "Though 'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings.' " *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 11, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. " 'Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' " *Id.*, quoting *Bonnell* at ¶ 37.

### B. R.C. 2953.08(G)(2)

**{¶14}** When reviewing felony sentences, appellate courts apply R.C. 2953.08(G)(2), which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

"R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4)." *Jones* at ¶ 12.

**{¶15}** "R.C. 2953.08(G) permits an appellate court to increase, reduce, otherwise modify, or vacate a sentence only 'if it clearly and convincingly finds' that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law." *Id.* at ¶ 13, citing R.C. 2953.08(G)(2), and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. "The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and 'clearly and convincingly f[ound] either * * * [t]hat the record does not support the sentencing court's findings under [certain statutes]' or '[t]hat the sentence is otherwise contrary to law,' R.C. 2953.08(G)(2)." (Alterations sic.) *Id.*

## C. Analysis

**{¶16}** Conn concedes that the trial court made the requisite findings to impose consecutive sentences at the sentencing hearing and in the sentencing entry. The first finding R.C. 2929.14(C)(4) requires is that "the consecutive service is necessary to protect the public from future crime *or* to punish the offender." (Emphasis added.) The trial court found both circumstances were present though it emphasized the first circumstance during the resentencing hearing. Conn challenges both of the court's alternative findings.

**{¶17}** With respect to the finding that the consecutive service is necessary to protect the public from future crime, Conn asserts that "[i]t is hard to see from the record how consecutive sentences are necessary to protect the public from future crime." Conn claims that "[t]he allegation is that [he] was operating his vehicle in a reckless manner and caused several accidents," but "[n]othing would seem to indicate that any of the

victims suffered harm besides a minor injury." He claims that "[i]t was not alleged that [he] was attempting to intentionally injure anyone" and that "this only happened because his car mat got stuck in his brake and he was unable to stop the vehicle."

{¶18} After reviewing the entire trial-court record, we do not clearly and convincingly find that the record does not support the trial court's finding that the consecutive service is necessary to protect the public from future crime. Conn's assertion that the offenses only happened because a car mat got stuck in his brake is contradicted by his testimony at the change of plea hearing. As we observed in *Conn I*,

> Conn indicated the first accident happened when, after stopping at a stop sign, he side-swiped a vehicle which he did not see. *A mat then got caught in his brake*, and the second accident occurred *when he continued driving*, ran a different stop sign due to his inability to brake, and side-swiped a second vehicle. *He then extricated the mat from his brake.* But *instead of stopping, he continued driving*, rear-ended a third vehicle which then rear-ended a fourth vehicle, and fled on foot.

(Emphasis added.) *Conn I*, 4th Dist. Adams No. 23CA1163, 2023-Ohio-2669, at ¶ 19. In addition, in *Conn I* we observed that:

> The PSI indicates that Conn was traveling at a high rate of speed when each accident occurred, that the first accident actually occurred when he ran a stop sign at the intersection of South Street and Cherry Street, that the second accident occurred when he ran a stop sign at the intersection of South Street and State Route 41, and that the third and fourth accidents occurred after he turned onto State Route 41, drove about a mile, and rear-ended a third vehicle, forcing it into a fourth vehicle.

*Id.* While Conn may not have intentionally tried to injure anyone, he acted with reckless disregard for the safety of others on and near his route, including the accident victims who he did not stop to check on and children on a school bus. The fact that Conn was fortunate and only evidently caused minor physical injury to one person does not mean the consecutive service is not necessary to protect the public from him. And because the

trial court did not err in finding the consecutive service is necessary to protect the public from future crime, it is unnecessary for us to address Conn's challenge to the trial court's alternative finding that the consecutive service is necessary to punish him.

**{¶19}** The second finding R.C. 2929.14(C)(4) requires is that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Conn claims his "lengthy sentence is disproportionate to the seriousness of [his] conduct and the danger he poses to the public." Conn maintains that even though the obstructing official business charges "carrie[d] a requirement that [his] conduct created a risk of physical harm," "it appears only a minor injury was suffered." He asserts that "[h]ad he just stopped after the final accident instead of fleeing the scene, he maybe would have only been charged with minor traffic offenses." Conn also asserts that "only one agency," the Ohio State Highway Patrol ("OSHP") and "one investigation was obstructed by" his conduct. Conn maintains that if his "conduct expanded into other jurisdictions and involved other agencies, consecutive sentences would arguably be justified, and they would not be disproportionate to his conduct."

**{¶20}** After reviewing the entire trial-court record, we do not clearly and convincingly find that the record does not support the trial court's proportionality finding. Initially, we observe that in *Conn I,* Conn assumed law enforcement conducted only one investigation in which he hampered or impeded a public official in the performance of the public official's lawful duties. *Conn I*, 4th Dist. Adams No. 23CA1163, 2023-Ohio-2669, at ¶ 18, 20. We explained that "[t]he fact that the accidents did not all occur at the same location or in the same manner and the fact that they resulted in more than one report by

law enforcement undercuts Conn's assumption." *Id.* at ¶ 20. In this appeal, Conn supports his claim that there was a single investigation by OSHP with his counsel's statements at the resentencing hearing. Counsel stated, "I think there was one investigation done in this case. At least that's what discovery would indicate. It was done by the Ohio State Highway Patrol, and that's all we were ever provided." This discovery was not introduced into evidence, and we note that at the resentencing hearing, the trial court indicated the PSI included a narrative from a sergeant of the West Union Police Department regarding the accidents.

**{¶21}** In any event, there is evidence Conn drove recklessly and fled from multiple accident scenes. He showed no regard for the safety and property of others, and caused physical injury to at least one person, created a risk of physical harm to others, caused property damage, and caused law enforcement to waste time and resources searching for him on foot, by drone, and helicopter. His behavior was consistent with his criminal history, which also demonstrates a lack of regard for the safety and property of others.

**{¶22}** Finally, R.C. 2929.14(C)(4) requires that the trial court make at least one of three alternative findings in R.C. 2929.14(C)(4)(a)-(c). The trial court found R.C. 2929.14(C)(4)(b) and (c) applied. Conn challenges the trial court's finding that R.C. 2929.14(C)(4)(b) applies. But he does not challenge the trial court's finding that R.C. 2929.14(C)(4)(c) applies, i.e., "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Conn concedes that "[t]he trial court reviewed [his] criminal history at length" and that "he does have significant prior contacts with the court system." Therefore, even if we clearly and convincingly found that the record does not support the R.C.

2929.14(C)(4)(b) finding, we would still have to uphold the alternative R.C. 2929.14(C)(4)(c) finding. *See generally Schutte v. Summit Cty. Sheriff's Office*, 9th Dist. Summit No. 28856, 2018-Ohio-2565, ¶ 21 ("When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis").

**{¶23}** For the foregoing reasons, we conclude the trial court did not err in imposing consecutive sentences. We overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
Michael D. Hess, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**